### BENCHMARK, INC., a Utah corporation, Plaintiff and Appellee,

v.

### SALT LAKE VALLEY MENTAL HEALTH BOARD, INC., a Utah corporation, and Salt Lake County, a political entity, Defendants and Appellants.

### No. 910393.

Supreme Court of Utah.

Dec. 13, 1991.

Rehearing Denied March 13, 1992.

---

Thomas T. Billings, David L. Arrington, Bryon J. Benevento, Kathryn D. Kendell, Salt Lake City, for plaintiff and appellee.

Joseph C. Rust, John M. Wunderli, Salt Lake City, for defendants and appellants.

PER CURIAM:

This matter is before the court on appellants' motion for summary disposition pursuant to rule 10, Utah Rules of Appellate Procedure. The motion to reverse is granted, and the case is remanded for trial on the merits.

Plaintiff was the landlord ("Landlord"), and defendant Salt Lake Valley Mental Health Board, assignee of Salt Lake County, was the tenant ("Tenant") of a commer-

cial building located in Salt Lake City. The lease was for a term of five years, but provided that Tenant could terminate the lease in advance of the expiration date by giving six months' notice to Landlord. Tenant agreed to pay a portion of the costs of remodeling the space, not exceeding $40,000, if it exercised the option to terminate before the expiration of the lease. On October 31, 1989, Tenant notified Landlord that it would vacate the premises on January 1, 1990, and terminate the lease. Because its new facility was not ready in January, Tenant actually stayed until February 1, 1990.

Landlord brought this action alleging breach of the lease and demanding as damages all of the monthly rentals for the three years remaining in the lease. Tenant counterclaimed, alleging that it was constructively evicted because of Landlord's failure to make repairs and perform maintenance work as agreed under the lease. The trial court granted summary judgment to Landlord, ruling that Tenant breached the lease by failing to give notice of termination of the lease six months before moving out.

■ On its motion for summary disposition, Tenant first argues that the trial court manifestly erred in granting summary judgment, as genuine disputes of material fact are still at issue. Factual issues exist with respect to whether Landlord or Tenant breached the lease and whether Landlord constructively evicted Tenant by failing to make the building habitable for Tenant's employees and clients. Tenant also argues that the award of damages is manifestly erroneous since Tenant gave notice of termination of the lease and should pay only the six monthly rentals for the notice term plus the $40,000 limit for remodeling.

We agree that there are issues of fact to be adjudicated on the first of these points. As for the second, the measure of damages, we agree with Tenant that the rents due could not exceed six months' rent, plus remodeling expenses in an amount not to

exceed $40,000. We remand this case to the trial court for further proceedings.

Reversed and remanded.